ÁNGELA REYES, Plaintiff and Appellee, *v.* ALFREDO MERLO, Defendant and Appellant.

No. CE-63-38.     Decided October 28, 1964.

*Guillermo Bauzá* and *M. Bauzá Rolón* for appellant. *Víctor Alberty Ruíz* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

By deed No. 199 executed in San Juan on October 14, 1959 before Notary Adolfo García Veve, defendant-appellant Alfredo Merlo purchased a rural property located in Ward Santa Rosa in Guaynabo consisting of 1.92 *cuerdas*, for the amount of $2,000. The vendee Merlo appeared in the deed

"married to Ángela Reyes de Merlo." The purchase was registered in the Registry of Property.

By deed No. 83 executed in San Juan on October 4, 1961 before Notary Ángel S. Pérez González, Merlo appeared "married to Angelita Reyes" and sold to Cruz Mercado and his wife an urban property or lot consisting of 237.50 square meters in Caparra Terrace development, with a one-story concrete house which constituted one dwelling. In the deed it was stipulated that the vendors had acquired the property by purchase from June Corporation according to deed No. 2 executed in San Juan on February 16, 1961, before Notary Carlos Roberto Jiménez, subject to a mortgage for $6,000. The amount of the sale was $9,250 of which amount the vendors received $3,250 and the vendees retained $6,000 to pay a mortgage at the proper time. At the end of the deed the following note appears: "Explanatory note:— In this act Angelita Reyes appears as executing party, of full age, 'married', housewife, resident of Jayuya, Puerto Rico, to which I, the Notary again attest and certify."

By deed No. 153 executed in San Juan on November 6, 1961 before Notary A. Vázquez Tébar, plaintiff Ángela Reyes appeared as vendor, stating that she was "single", and defendant Alfredo Merlo as vendee, also stating that he was "single", and after referring to deed 199 of October 14, 1959 recited at the beginning, they stated that in said document "they pretended to be married when they purchased the property" described therein consisting of 1.92 *cuerdas* in Ward Santa Rosa in Guaynabo; that the truth was that they were not legally married but they were living together as man and wife; that they had constituted a "community of property" with respect to said real property which belonged to both of them share and share alike and seeking to terminate "said community of property" she, Ángela Reyes, sold and ceded to Alfredo Merlo, and he purchased from her, all the rights to said property for the amount of $1,000, which

amount Ángela Reyes confessed having received from Merlo prior to the notarial act, for which she gave a receipt of payment.

On November 30, 1961 Ángela Reyes filed a complaint against Alfredo Merlo in the District Court, Río Piedras Part. She claimed $1,000 for the cession of actions and rights stated in the aforesaid deed No. 153 of November 6, 1961, alleging that defendant had not paid her said amount after persuading her to sign said deed and to confess that she had received it prior to the execution. In second term she claimed the amount of $1,500 which she alleged corresponded to her from the amount of $3,250 received by Merlo for the sale of the property in Caparra Terrace, according to deed No. 83 of October 4, 1961.

Defendant alleged, first by separate motion and later in his answer, that plaintiff lacked a lawful cause of action to claim. He alleged that during the course of these transactions he, Merlo, was married to another person.

The District Court decided, on the merits, that Ángela Reyes had lived maritally during the last fifteen years with Alfredo Merlo and they created a "partnership of interest." That she had given $5,000 from her savings to Merlo to purchase properties that would belong to both of them and that with the money belonging to both they purchased the properties already described. That plaintiff admitted she knew that defendant was married to another person. As a question of law the trial court decided in its judgment that plaintiff and defendant had created a "partnership of interest" and that both of them having contributed money for the acquisition of the properties, it was proper to sustain plaintiff's claim. It rendered judgment ordering Merlo to pay the amounts claimed of $1,500, plaintiff's participation in the sale of a real property, and $1,000, her interest in the other.

On appeal the District Court was charged with having erred in refusing to dismiss the defense of lack of cause of action and also with admitting evidence on the contents of deed No. 153. The Superior Court, San Juan Part stated thus:

"As to the first error this is not an action for the liquidation of a conjugal partnership between a single woman and a married man.\* This is a claim for an amount which is expressly acknowledged to belong to plaintiff in deed executed before Notary Ángel S. Pérez and another amount acknowledged by cession of the rights and actions that plaintiff already has and acknowledged by defendant in deed executed before Notary A. Vázquez Tébar."

The judgment of the District Court was affirmed.

The problem before us is the same question of law as to whether or not there is a cause of action in favor of plaintiff in the light of the facts stated. Section 1295 of the Civil Code provides— (1930 ed.) that by virtue of the conjugal partnership the earnings or profits indiscriminately obtained by either of the spouses during the marriage shall belong to the husband and the wife, share and share alike, upon the dissolution of the marriage; and § 1296, that the conjugal partnership shall always begin on the same day that the marriage is celebrated. Section 1301 provides that to the conjugal partnership belong property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only; and *"that obtained by the industry, salaries or work of the spouses or of either of them"* as well as the fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that *which belongs* to either one of the spouses. All the property of the marriage shall be considered as partnership property until it is proven

---

\* There could not possibly exist such a conjugal partnership.

that it belongs exclusively to the husband or to the wife—§ 1307—and the husband, notwithstanding he is the administrator of the conjugal partnership shall not have the power . . . to sell and to bind for a consideration the real estate of the conjugal partnership, without the express consent of the wife, and every sale or agreement in violation or in fraud of the wife shall be null and shall not prejudice her or her heirs, as provided by §§ 1313 and 91. The partnership terminates only when the marriage is dissolved or when it is declared void, pursuant to § 1315.

■ The acquisition made by Merlo of the rural property of 1.92 *cuerdas* in Ward Santa Rosa as well as the acquisition of the urban property located in Caparra Terrace development are conjugal property or at least, must be considered as such in the absence of evidence to the contrary. The concept of "community of property" between plaintiff Ángela Reyes and Alfredo Merlo as such individual, on which the complaint was based, as well as the concept of "partnership of interest" on which the judgment of the District Court was based—also implied in the decision of the Superior Court—in sustaining the complaint, are extraneous to our civil law and evidently incompatible with the aforementioned sections of the Code. This case is not governed, and cannot be governed, by the rulings laid down in *Danz* v. *Suau*, 82 P.R.R. 591 (1961); *Pereles* v. *Martinó*, 73 P.R.R. 793 (1952); *Pérez* v. *Cruz*, 70 P.R.R. 890 (1950), or *Torres* v. *Roldán*, 67 P.R.R. 342 (1947).

■ In relation to property considered as community, except when dealing with separate property or of separate origin, a "community of property" or a "partnership of interest" constituted between one of the spouses as such and a stranger to the conjugal partnership, has no place in our juridical order, even in the case of property acquired through

personal industry and labor, and even if there exists the typical relationship of concubinage with that stranger.[1]

█ █ The foregoing does not preclude the establishment of a community of property or any juridical entity in relation to property between *the conjugal partnership as such* and a third person. If plaintiff contributed her own money for the acquisition of said community property, she could have a credit or personal claim against the partnership. It cannot be said, therefore, that she absolutely lacks a cause of action under any concept she might claim. In that case Merlo should be considered sued as a party of the conjugal partnership, as its administrator and legal representative, which he is. Sections 91, 93, 1312 of the Civil Code. In view of Merlo's behavior in the record appearing before a notary as married to plaintiff; selling conjugal property without the consent of his wife, without it being known to what extent said alienation might have prejudiced her; acknowledging to his concubine in a public deed an interest and right in conjugal property pretending to be single, it is unquestionable there might be conflict of interest between Merlo and his wife within the conjugal partnership itself. Although he is the legal representative pursuant to § 93, said section itself acknowledges the right of the wife to appear in court in defense of her own rights and property.

---

[1] Even in such countries where there exists more advanced positive legislation juridically providing for the concubinage or free union and attributing effects of law between the concubines, and the latter and third persons, they have parted from the premise of a concubinage relationship between two free persons, in which neither of the concubines is married. It was on that same premise of single concubines that our Act of March 12, 1903, was based in which natural marriage was defined and juridical consequences were granted and which was later repealed by the Act of May 7, 1906; and also the Bill of 1943 approved by the House of Representatives, to which Luis Muñoz Morales refers, creating juridical consequences in the concubinage relationship, and which did not become a law at that time.

According to the foregoing, the decision of the trial court cannot be affirmed at law. We must set aside the judgment rendered by the District Court, and order the claim to be filed against the conjugal partnership of Merlo and his wife, and that plaintiff bring Merlo's wife to the suit, as essential party which she is, according to the circumstances stated, so that she be heard and defend herself from the claim and from the incursions against the conjugal partnership and be defeated at trial.

The judgment rendered on appeal by the Superior Court, San Juan Part, will be reversed and the case remanded for another judgment setting aside that of the District Court, and the record will be sent to said court for further proceedings not inconsistent with the pronouncements herein.

